CHAMBERLAIN v. NEW YORK, L. E. & W. R. CO. et al.

(Circuit Court, N. D. Ohio, E. D. November 12, 1895.)

No. 5,436.

1. RAILROAD RECEIVERS—LIABILITY FOR NEGLIGENCE OF EMPLOYES—LIABILITY OF RAILROAD COMPANY.

Receivers having the full possession, control, and operation of a railroad under the directions of a court are alone liable for the negligence or wrongdoing of their agents and employés in the operation of the road, and the

railroad company itself is not liable to suit upon a cause of action so arising.

**2.** SAME—LEASED ROAD—LIABILITY OF LESSOR.

The Ohio statute making a lessor railroad company liable for the acts, injuries, and wrongs inflicted by the officers, agents, or employés of the lessee company does not operate to give a right of action against a lessor company for negligent acts of the employés of a receiver who is operating the road as receiver of the lessee company.

**3.** REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NOMINAL PARTIES.

An action was brought by a citizen of Ohio against the receivers of a New York railroad corporation, who were citizens of New York, to recover damages for personal injuries sustained in the operation of a road belonging to an Ohio corporation, but which had been leased to the New York corporation prior to the appointment of the receivers. Both the New York corporation and the Ohio corporation were joined as parties defendant with the receivers. *Held,* that the sole controversy was between the plaintiff and the receivers, and the latter were entitled to remove the cause to a federal court.

This was an action by Nellie J. Chamberlain against the New York, Lake Erie & Western Railroad Company, the New York, Pennsylvania & Ohio Railroad Company, and J. G. McCullough and E. B. Thomas, receivers, to recover damages for personal injuries. The action was commenced in a court of the state of Ohio. The defendants McCullough and Thomas removed it to the federal court. Plaintiff moved to remand. Denied.

O. S. Rockwell, M. A. Norris, and J. T. Siddall, for plaintiff.

M. Stuart, for defendants.

RICKS, District Judge. This is a suit brought by the plaintiff against the defendants for an injury sustained by her through the alleged negligence of the agents and employés of J. G. McCullough and E. B. Thomas, as receivers of the New York, Lake Erie & Western Railroad Company. The petition avers that the defendant the New York, Pennsylvania & Ohio Railroad Company was and is the owner of a line of railroad extending from the east line of the state of Ohio to the city of Dayton, in said state, and passing through the township of Franklin, in the county of Portage and state of Ohio. Prior to the grievances set forth in the petition, and subsequent to April 13, 1883, the said New York, Pennsylvania & Ohio Railroad Company duly leased the whole of said line of railroad to the said New York, Lake Erie & Western Railroad Company, and put it into possession thereof, and the said the New York, Lake Erie & Western Railroad Company has ever since operated and managed said railroad, by propelling, by steam, locomotives and cars thereon, and over and along its lines. The suit was originally instituted in the court of common pleas of Portage county. Upon application of the receivers, made in due time, it was duly removed to this court. The petition for removal avers that said receivers are nonresidents of the state of Ohio; that the New York, Lake Erie & Western Railroad Company was organized under the laws of New York, and is a citizen thereof; that the New York, Pennsylvania & Ohio Railroad Company is a corporation organized under the laws of the state of Ohio, and a citizen thereof and of this judicial

district. The petition further avers that the sole controversy in this case is between the plaintiff and the receivers of the said New York, Lake Erie & Western Railroad Company; that the latter-named company and the New York, Pennsylvania & Ohio Railroad Company are merely nominal parties; and that they were fraudulently joined as defendants with the receivers for the purpose of defeating the jurisdiction of the United States court, and preventing the receivers from removing this controversy into said court. The case was accordingly removed. The plaintiff filed an answer denying that the sole controversy in the suit is between the plaintiff and the receivers; denying that the New York, Pennsylvania & Ohio Railroad Company and the New York, Lake Erie & Western Railroad Company are merely nominal parties; and denies that they were made defendants for the purpose of defeating the jurisdiction of this court, or for the purpose of defeating the removal of the case to this court by the receivers. The answer further alleges that there is a right of action against the defendants the New York, Pennsylvania & Ohio Railroad Company and the New York, Lake Erie & Western Railroad Company, in behalf of the plaintiff, and that there is a controversy between them which can be settled only in this proceeding. Thereupon, for the reasons stated, the plaintiff moves to remand the case to the court of common pleas of Portage county.

It is conceded, for the purposes of this motion, that the New York, Pennsylvania & Ohio Railroad Company is a citizen of the state of Ohio and of this judicial district; that, long before this cause of action accrued to the plaintiff, it leased its line of road to the New York, Lake Erie & Western Railroad Company, which latter corporation has since then completely controlled, operated, and managed said line of railroad; that the New York, Pennsylvania & Ohio Railroad Company has in no wise taken any part in the operation of its said road so leased as aforesaid, and had nothing whatever to do with the management thereof. The further fact is established that the New York, Lake Erie & Western Railroad Company was placed in the hands of the receivers, John G. McCullough and E. B. Thomas, appointed by the circuit court of the United States for the Southern district of New York; that, by ancillary proceedings instituted in this court, the receivership was extended to the lines of railroad and all property within this jurisdiction. It is further established that, at the time of the injury complained of in the plaintiff's petition, the receivers were in the sole management and control of the New York, Lake Erie & Western Railroad Company, the lessee as aforesaid. The statutes of Ohio make a lessor railroad liable for the acts, injuries, and wrongs inflicted by the officers of the lessee road. Under this statute, the plaintiff claims that she has a just cause of action as well against the New York, Pennsylvania & Ohio Railroad Company as against the lessee road, the New York, Lake Erie & Western. But, conceding this liability under the Ohio statute, the further question presents itself whether either the lessor or the lessee road can be sued for wrongs and injuries done by the receivers, who have the sole

and exclusive control and management of the property of both roads. I think the rule is well settled that where a court of proper jurisdiction seizes a railroad, takes it from the custody and control of its corporate officers, and puts the same into the hands of a receiver, to be operated under the directions of the court, such receiver is the governing power operating the road, and is alone liable for wrongs and injuries committed by himself or his servants. See High, Rec. (2d Ed.) § 396; Murphy v. Holbrook, 20 Ohio St. 137. In the latter case the supreme court of Ohio say that, as to employés operating the road under the receivers, the receivers had "no tangible principal behind them. They were the governing power in operating the road, by virtue of the authority conferred upon them as receivers. From the time of their appointment, they had supreme control in relation to the running of cars on the road. They alone had authority to employ, direct, control, and dismiss the various agents employed by them to operate the road." I think, under this rule, the plaintiff's cause of action, whatever it may be, is wholly and entirely against the receivers of the New York, Lake Erie & Western Railroad Company. This being true, it follows that there is no cause of action against the New York, Lake Erie & Western Railroad Company, or against the New York, Pennsylvania & Ohio Railroad Company.

But counsel for the plaintiff contends that, under section 3305 of the Ohio statutes, she has a right of action against the New York, Pennsylvania & Ohio Railroad Company alone, as the lessor company, as well as a joint cause of action against the New York, Pennsylvania & Ohio and the New York, Lake Erie & Western; the former being the lessor, and the latter the lessee, corporation. He says the courts of Ohio have uniformly held that the lessor company, under this statute, is liable for the wrongs and injuries committed by the lessee company, and that it is not necessary to join the latter company in a suit to recover for such wrongs and injuries. Counsel refer to the case of Rush v. Railroad Co., which was originally instituted in the court of common pleas for Mahoning county, and removed to this court by the defendants, as supporting his contention. I have examined the records of said case, and find that, while it is true that the suit was originally brought against the two defendants first named, an amended petition was afterwards filed, making the New York, Lake Erie & Western Railroad Company, the lessee of the New York, Pennsylvania & Ohio Company, a party defendant. Before this amended petition was filed, an answer had been interposed to the original petition by the New York, Pennsylvania & Ohio Railroad Company, setting forth the fact that prior to the wrongs and injuries alleged in the petition the defendant the New York, Pennsylvania & Ohio Railroad Company had leased its road to the New York, Lake Erie & Western Railroad Company, and that the latter, as such lessee, "was in the lawful, sole, and exclusive possession and control of the said railroad property and premises, and was, at the time of the accident complained of in the petition, engaged lawfully in the operation, sole and exclusive possession and control, of the said railroad property

and premises, as an independent contractor in relation thereto, and any liability to the plaintiff, if any there be, by reason of the matters set forth in the petition, is the sole liability of the said New York, Lake Erie & Western Railroad Company." A demurrer was interposed to this answer, and the same was sustained by the court of common pleas of Mahoning county. The reasons are not given in support of said ruling, but it must be readily seen that the contention of the defendant that the lessee company was alone liable must have been the ground upon which said demurrer was sustained. It is perhaps, therefore, no strained interpretation of this ruling to hold, as plaintiff's counsel contend, that the court in that case decided that the action against the lessor company alone, as brought, might stand. But the plaintiff's course in that suit is hardly consistent with her contention. She was not satisfied to prosecute the action against the lessor company alone, but, by her amended petition, made the lessee company a party, and on the trial of the case no serious claim was made that the plaintiff was entitled to a judgment against the lessor company. On the contrary, this court, in charging the jury in the case, directed their attention to the fact that although the suit, as brought, was against the Cleveland & Mahoning Railroad Company and the New York, Pennsylvania & Ohio Railroad Company, counsel for the plaintiff were not asking for a judgment against them, and they might therefore return a verdict in favor of the said two defendants, and consider the case upon the testimony solely as to whether the plaintiff was entitled to a verdict against the New York, Lake Erie & Western Railroad Company. No exception was taken to said instruction. The jury returned a verdict in favor of the plaintiff, and against the New York, Lake Erie & Western Railroad Company. But, further considering the force of section 3305, it is to be observed that the statute distinctly provides that the lessor company shall be liable for acts and wrongdoings of the lessee company; and, while there may be a question as to the sole liability of the lessor company, as now contended by plaintiff's counsel, there certainly cannot be any claim that the lessee company is exclusively liable. Such a holding would defeat the very object of the statute, which was to hold the lessee company by making it jointly liable with the lessor company, and thereby conferring jurisdiction upon the courts of this state. But the plaintiff's proceedings in this suit are hardly consistent with her contention now made. She does not sue the lessor company alone, but joins as defendants the receivers of the lessee company. The allegations of her petition are that the New York, Lake Erie & Western Railroad Company was the lessee of the New York, Pennsylvania & Ohio Railroad Company, and that the defendants John G. McCullough and E. B. Thomas, as receivers, were operating said railroad and said leased line of the said New York, Pennsylvania & Ohio Railroad Company, their locomotives and cars, for the purpose of carrying passengers and freight, etc. Under the averments of the petition, the plaintiff claims judgment against the New York, Pennsylvania & Ohio Railroad Company only, because of the wrongs and injuries committed by the receivers operating the leased line,

or, in other words, the receivers of the lessee company. But if the lessee company is not liable for the wrongs and injuries of its receivers operating its road, as I have hereinbefore held, the lessor company certainly cannot be liable for the wrongs and injuries of such receivers. The statute gives the plaintiff a right of recovery against the lessor company for wrongs and injuries committed by the lessee company. The remedy is enlarged over that provided by the common law, and therefore the statute must be strictly construed. To now hold that the plaintiff is entitled to a judgment against the lessor company for wrongs and injuries committed by a receiver of the lessee company would certainly extend and enlarge the statute beyond what was ever contemplated. I am therefore of the opinion that the only remedy available to the plaintiff by reason of the wrongs complained of in the petition is against the receivers, John G. McCullough and E. B. Thomas, who have removed the suit to this court, and that the plaintiff has no cause of action against the New York, Pennsylvania & Ohio Railroad Company. Said defendant not being a necessary or proper party, and the sole controversy now before the court being between the plaintiff and the receivers aforesaid, the motion to remand will be disallowed.