## DALDY v. OCEAN ACC. & GUARANTEE CORPORATION, Ltd.
### No. 610.

District Court, E. D. Missouri, E. D.

Feb. 12, 1941.

## VEZOLLES v. HOME INDEMNITY CO., NEW YORK.

### No. 173.

District Court, W. D. Kentucky, at Louisville.

May 5, 1941.

J. Edward Gragg, of St. Louis, Mo., for plaintiff.

Joseph N. Hassett, of St. Louis, Mo., for defendant.

COLLET, District Judge.

An expression of appreciation is due counsel for the able briefs submitted on this motion to remand.

While this Court retains the opinion expressed in Phoenix Mut. Life Ins. Co. v. England, 22 F.Supp. 284 (decided Feb. 16, 1938), on the general proposition that jurisdiction of Courts should not be fixed or determined by ingenious devices such as assignments of causes of action to a person whose residence alone prompts the assignment in order that diversity of citizenship may not exist, yet at the same time the Court must recognize and follow the direction of duly constituted controlling authority lest arbitrary, dictatorial and arrogant practices result.

With full knowledge of Fogle v. Equitable Life Assurance Soc., Mo.App., 123 S.W.2d 595 (decided Dec. 5, 1938), of Phoenix Mutual Life Ins. Co. v. England, supra, of Bernblum v. Travelers' Ins. Co., D.C., 9 F.Supp. 34 and of State v. Harris, 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862 (decided Oct. 29, 1938), the Missouri Legislature has amended Section 5894, R.S. Mo.1929, so as to specifically authorize nonresident assignees of claims based on insurance policies to sue on those policies in this State and obtain local service on nonresident insurance companies. Laws Mo.1939, page 451, Mo.St.Ann. § 5894, p. 4495. In doing so the Legislature must be presumed to have acted with full knowledge of the opinion in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (decided April 25, 1938) and the consequent binding effect of Fogle v. Equitable Life Assurance Soc., supra, on this and other Federal Courts sitting in Missouri. The result is inescapable that the practice of avoiding the jurisdiction of Federal Courts by the assignment method was recognized and approved. There is no room left for argument about the question. The motion to remand is sustained and the cause remanded.