**UPDIKE et al. v. WEST et al.**

No. 3690.

United States Court of Appeals Tenth Circuit.

Feb. 7, 1949.

Rehearing Denied March 7, 1949.

Glenn O. Young, of Sapulpa, Okl. (Streeter Speakman, Jr., of Sapulpa, Okl., on the brief), for appellants.

. Frank Settle, of Tulsa, Okl., and Dale Kidwell, of Wichita, Kan. (E. O. Monnet and Jack N. Hays, both of Tulsa, Okl., and John Jay Darrah, George W. Ball and Robert B. Morton, all of Wichita, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The only question presented by this appeal is whether the trial court erroneously denied the appellants' motion to remand this case to the District Court of Creek County, Oklahoma, where it was originally filed.

The appellants, partners doing business under the firm name of Updike Awning Company, sued the appellees, West, Dunlap and Nacheff, and the National Bank of Tulsa, seeking damages for the alleged breach of agreements, under which West, Dunlap and Nacheff assumed control and management of appellants' business. It was alleged that the appellees "failed and refused to carry out, assume and discharge the duties and obligations imposed upon them under the said management agreements". In the petition for removal, the appellees alleged that the appellants were residents of Oklahoma, and that they and each of them were, at the commencement of the suit, residents of the State of Kansas; that the National Bank of Tulsa was organized under the laws of the United States of America; that the controversy was wholly between citizens of different states, since the National Bank of Tulsa was only a nominal party to the asserted cause of action. It was alleged that the National Bank of Tulsa was improperly and fraudulently made a party to the action for the single purpose of preventing a removal to the Federal court. It was also alleged that although the petition in general form asserted a joint cause of action against West, Dunlap and Nacheff, the very nature of the claim shows that the acts complained of against West are separate and distinct, hence constituted separate grounds of recovery, to which neither Dunlap nor Nacheff were indispensable or necessary parties, and that they were therefore improperly and fraudulently made parties to the same cause of action for the sole purpose of preventing removal to the Federal court.

To support this allegation, the movants attached as Exhibit A, the contract between the partners and West, to which Dunlap and Nacheff were not parties; they attached as Exhibit B, the separate contract between the partnership and Dunlap and Nacheff; and as Exhibit C, a letter from the partners to the Federal Reserve Bank, Kansas City, approving and confirming the two contracts as thus executed.

The motion to remand alleged in general terms that jurisdiction of the action was vested in the District Court of Creek County, Oklahoma, and was not one of which the Federal Court had original jurisdiction. Specifically, it was alleged that there was no requisite diversity of citizenship, and that the defendants had falsely and fraudulently averred diversity of citizenship for the sole purpose of vesting the Federal court with colorable jurisdiction. Other grounds not material here were alleged, but the petition in no wise traversed the allegations of fraudulent joinder.

The motion to remand was overruled on the 6th day of July, 1945, on the grounds that the court had jurisdiction, based upon diversity of citizenship. Thereafter, numerous motions were filed on behalf of both parties; the plaintiffs filed an amended petition; the Massachusetts Bonding Company was made party defendant; the National Bank of Tulsa was dismissed from the action; the case was set for trial and continued a number of times at the instance of the plaintiffs; and there were amendments to the amended petition. Finally, after the matter had pended in the trial court for approximately two years, the plaintiffs filed what they denominated an alias motion to remand, in which they again took issue with diversity of citizenship, alleging that since the court's order on removal, they had discovered that at the time of the institution of the suit, Nacheff had removed his residence from Wichita, Kansas, to Ponca City, Oklahoma, where he had been divorced and remarried. After an extended hearing on this motion, the trial court concluded that Nacheff was a resident of the State of Oklahoma at the time the suit was filed, and that jurisdiction therefore failed for want of diversity of citizenship. It, however, overruled the alias motion to remand on the grounds that the plaintiffs having failed to traverse the allegations of fraudulent joinder, they must be taken as true for the purpose of jurisdiction, and that the court therefore had jurisdiction of the subject matter, based upon fraudulent joinder of separable causes of action.

When the case came on for trial, the appellants declined to offer any evidence, but elected to stand on the question of jurisdiction, whereupon the trial court dismissed the cause and entered judgment for the appellees.

Appellants take the position here, as they did in the trial court, that the petition for removal did not state facts sufficient on which to base a finding of fraudulent joinder, and that the motion to remand raised the question which the trial court should have resolved in its favor.

A separable controversy of the requisite amount, wholly between citizens of different states, may be removed to the Federal court, notwithstanding the presence of a resident defendant, if it is shown that the resident defendant was made a party for the fraudulent purpose of defeating removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544. But fraudulent joinder, like any other allegation of fraud, must be pleaded with sufficient certainty to justify the conclusion that the joinder was a fraudulent device to prevent removal. A mere allegation of fraudulent joinder is not sufficient. Kentucky v. Powers, 201 U.S. 1, 34, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692; Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Illinois Central R. Co. v. Sheegog, 215 U.S. 308, 316, 30 S.Ct. 101, 54 L.Ed. 208; Chesapeake & Ohio R. Co. v. Cockrell, supra; Wilson v. Republic Iron & Steel Co., supra. The pleader is the architect of his own lawsuit, and the misjoinder of parties or causes of action does not without more amount to a fraudulent joinder. There must be a deducible bad faith purpose to defeat Federal jurisdiction. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Wecker v. National Enameling & Stamping Co., supra; Illinois Central R. Co. v. Sheegog, supra; Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Pullman Co. v. Jenkins, supra.

666

Here, however, as the trial court pointed out, the petition for removal did not stop with a bare allegation of fraudulent joinder of separable causes of action. It attached the contracts sued upon to show that the cause of action against West was based upon one contract, while the cause of action against Dunlap and Nacheff was necessarily upon another contract subsequently executed, each of which imposed separate and distinct duties and obligations. The allegation that these contracts formed the basis for the lawsuit was not challenged in the motion to remand, and it must therefore be taken as true. At most, the motion to remand raised only the legal sufficiency of the factual allegations. From an examination of the pleadings, in the light of the attached contracts, the court concluded that the actions being on the contracts, and not in tort as contended by the appellees, the causes of action were not joint; that, assuming the allegations of fraudulent joinder to be true, there was a joinder of separate and distinct causes of action, for the fraudulent purpose of preventing removal of the case to the Federal court. In so holding, the trial court recognized the closeness of the question, and observed that ordinarily it would be inclined to resolve the doubt against jurisdiction, but under these peculiar circumstances, it was persuaded to resolve the doubt in favor of jurisdiction. We agree with the trial court that the petition for removal stated a case for fraudulent joinder and the allegations being unchallenged, justified a conclusion accordingly.

When faced with the ruling of the court, the appellants sought to amend their motion to remand to take issue with the allegations of fraudulent joinder. But the trial court denied leave to amend, stating that ordinarily it would grant the motion, but having exercised jurisdiction over the subject matter for more than two years, it came too late. In these circumstances, we cannot say that the trial court abused its discretion accorded it in the allowance of amendments to pleadings.

Error is also assigned of the trial court's payment of the approved claims in the receivership action. When the receiver was discharged, the court ordered such moneys paid into the registry of the court. It therefore clearly had jurisdiction over the fund and jurisdiction to disburse it to the parties deemed lawfully entitled thereto.

The judgment is affirmed.