**KRENZIEN et al.**

v.

**UNITED SERVICES LIFE INS. CO. OF WASHINGTON, D. C.**

No. 422.

United States District Court, Kansas.

May 26, 1954.

Joseph Cohen, Charles S. Schnider, Kansas City, Kan. (of Cohen & Schnider), Kansas City, Kan., Harry A. Hall, Kansas City, Mo., for plaintiffs.

Robert H. Bingham, Kansas City (of Stanley, Stanley, Schroeder, Weeks & Thomas), Kansas City, Kan., for defendant.

MELLOTT, Chief Judge.

This suit was instituted in the District Court of Wyandotte County, Kansas, to recover the face amount ($10,000) of an insurance policy. It was removed to this court by defendant, which subsequently served interrogatories and notices to take depositions on the three named plaintiffs. Plaintiffs filed a motion to remand, and objections to interrogatories and the taking of depositions. The facts hereinafter alluded to are gleaned from the admissions in the pleadings or in the briefs and oral argument.

Carl Henry Krenzien (hereinafter Krenzien), while serving as an officer

244

pilot with the United States Army Air Force stationed at Langley Air Force Base, Virginia, made application to defendant insurance company for insurance on his life, naming his wife, Ann Hamlin Krenzien (hereinafter Mrs. Krenzien) as beneficiary. He gave his permanent address as Kansas City, Missouri. On or about the date on which the policy is alleged to have become effective, Krenzien died as the result of an airplane crash. Claim was made to the insurance company for the face amount of the policy. Whether it was effective on the date of death is a question of fact to be determined at the trial.

Mrs. Krenzien resides in Kansas City, Missouri. Shortly before this action was brought, she signed an instrument purporting to be an assignment of "all claims, demands or choses in action against * * * [defendant] * * *" to Martin Mayes, a citizen and resident of Washington, D. C., and Joseph P. Jenkins, a citizen and resident of Kansas City, Kansas. It purports to obligate Mayes and Jenkins to exercise reasonable care and diligence in enforcing the claim and, after deducting all costs and expenses of so doing, to hold the proceeds in trust for Mrs. Krenzien. Mrs. Krenzien, Mayes and Jenkins are the named plaintiffs. Defendant is a corporation organized under the laws of the District of Columbia and authorized to engage in life insurance business in Kansas.

Service of process was made on the defendant by serving the commissioner of insurance under G.S.Kan.1949, 40–218. That section provides that every insurance company, as a condition precedent for authority to transact business in this state, must file written consent that "actions may be commenced against such company * * * in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance of this state * * *."

Defendant in its petition for removal contends that, for the sole purpose of preventing removal, the alleged assignment was entered into by plaintiffs whereby one of the assignees, a resident of Washington, D. C., would be a party plaintiff. Further, that in truth and in fact the connection of Mayes and Jenkins with this suit is nominal and colorable only, Mrs. Krenzien being the only real party in interest; and, by reason of the sham agreement, plaintiffs designed to deprive this court of jurisdiction.

Counsel for plaintiffs take no issue with the facts as related by defendant but assert that Mrs. Krenzien had a legal right to assign the chose in action arising under the contract of insurance to whomsoever she pleased. Since no issue of fact is raised, no reason seems to exist for this court to receive evidence in connection with the motion to remand. The issue is solely one of law, i. e., whether diversity of citizenship exists or is lacking.

Rule 17(a), F.R.C.P., 28 U.S.C.A., provides that every action shall be prosecuted in the name of the real party in interest. Plaintiffs rely on Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406. It was held in that case that the "real party in interest" within Rule 17 includes an assignee for collection or suit only, and that all a defendant may properly ask is such a party plaintiff as will render the judgment final and res adjudicata of the right sued on. Cf. Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653, holding that if the assignment vested a right in the assignee, which permitted him to sue in the state courts, such an assignment was not fraudulent. Plaintiff also urges that the motive of the assignor is wholly immaterial and that one cannot be guilty of fraud in doing what he has a legal right to do, Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118 and cases therein cited.

Defendant's contention is that Mrs. Krenzien cannot defeat its right of removal by transferring the naked legal title to the chose in action to a "straw

man" solely for that purpose. Its counsel rely on Phoenix Mut. Life Ins. Co. v. England, D.C.W.D.Mo.1938, 22 F. Supp. 284, 286, which was an action for declaratory judgment brought by an insurance company against the assignor to fix the rights of the parties under an insurance contract. The defendant assignor moved to dismiss on the ground that the assignee had legal title to the claim and was a necessary party to the action and, inasmuch as he resided in the same state as the plaintiff, that there was no diversity of citizenship and the court was without jurisdiction. Counsel admitted that the assignment had been made to defeat jurisdiction of the federal court. Judge Collett held that the court would look behind the assignment and hold for naught the pretended assignments executed for the purpose of defeating federal jurisdiction, saying:

"The facts showing that the assignment was a mere pretext and that its execution was fraudulent, as that term is used without approbium [opprobrium], it must be ignored. To do otherwise would make federal procedure a game in which the statutory rights of parties might be blocked by an adroit and cleverly designed manuever [sic] of his adversary."

Defendant recognizes that the case of Daldy v. Ocean Accident & Guarantee Corp., D.C.E.D.Mo.1941, 38 F.Supp. 454, 455, is contra. That opinion was also written by Judge Collett, who stated that he still retained the opinion expressed in the Phoenix Mut. Life Ins. Co. case, supra, on the general proposition "that jurisdiction of Courts should not be fixed or determined by ingenious devices such as assignments of causes of action to a person whose residence alone prompts the assignment in order that diversity of citizenship may not exist, * * *"; but he reached a different result in the later case because, as he pointed out, "the Missouri Legislature ha[d] amended Section 5894, R.S.Mo. 1929, so as to specifically authorize non-resident assignees of claims based on insurance policies to sue on those policies in * * * [Missouri]." It was said: "The result is inescapable that the practice of avoiding the jurisdiction of Federal Courts by the assignment method was recognized and approved." Counsel for defendant contend that, inasmuch as no such statute exists in Kansas, this court should apply the rationale of the earlier decision by Judge Collett, viz., the Phoenix Mut. Life Ins. Co. case, supra.

Also, in support of defendant's theory, Updike v. West, 10 Cir., 1949, 172 F.2d 663, 665, certiorari denied 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed. 1720, is cited. In that case, plaintiffs, who were residents and citizens of Oklahoma, brought suit against three Kansas residents and an Oklahoma bank. Defendants removed on the ground that the controversy was wholly between citizens of different states. It was alleged that the defendant bank was only a nominal party, that it had no real interest in the matter, and that it, improperly and fraudulently, had been made a party for the purpose of preventing removal. The District Court overruled the motion to remand. The Court of Appeals, however, held that a controversy "of the requisite amount, wholly between citizens of different states, may be removed to the Federal court, notwithstanding the presence of a resident defendant, if it is shown that the resident defendant was made a party for the fraudulent purpose of defeating removal." Even though the Updike case is based on there being a separable controversy wherein diversity and the requisite amount existed, the attitude of the Court of Appeals regarding the defeating of federal jurisdiction is clearly expressed.

In Ex parte State of Nebraska, 1908, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876, the Supreme Court held that the Circuit Court was not bound to adjudicate the question of remanding the cause merely by an inspection of the nominal parties to the record; for mere nominal pres-

ence of a party is not sufficient to defeat the jurisdiction of the Federal court. It was held to be the duty of the court to look behind the appearance of a party to determine his interest or lack of interest. This case seems to have been relied upon by Judge Collett in the Phoenix Mut. Life Ins. Co. v. England, case, cited supra, and is heavily relied upon by the defendant here. But it seems not to have overruled the line of cases cited by Judge Reeves in Harrison v. Hartford Fire Ins. Co., D.C., 55 F.Supp. 241, 242.

The present question, admittedly, is a difficult one and the right answer elusive. Whether the Supreme Court of Kansas will ultimately take the view which seems to have necessitated the amendment of the Missouri service statute referred to in Daldy v. Ocean Accident & Guarantee Corp. case, supra, see State ex rel. Phoenix Mut. Life Ins. Co. v. Harris, 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862, and its modification therein of State ex rel. American Central Life Ins. Co. v. Landwehr, 318 Mo. 181, 300 S.W. 294, is neither decided nor suggested. If the approach to the problem taken by Judge Waring in Ridgeland Box Mfg. Co. v. Sinclair Refining Co., D.C., 82 F.Supp. 274, is correct, then it would seem the motion to remand should be sustained; for under the Kansas statutes (all references are to G.S.Kan.1949), "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs * * *", 60–410; the action is to be "prosecuted in the name of the real party in interest", 60–401; the action arising out of contract may be assigned, 60–401 and 60–402; and the trustee of an express trust may bring an action either with or without joining the person for whose benefit it is prosecuted, 60–403. See also Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904.

The court is of the opinion and now holds that the motion to remand should be sustained. Appropriate order will be prepared by counsel for the plaintiffs. Settle as provided in the Federal Rules of Civil Procedure and this court's Rules of Practice.