## MECOM, ADMINISTRATOR, *v.* FITZSIMMONS DRILLING CO., INC., ET AL.

No. 32.  Argued October 22, 23, 1931.—Decided November 23, 1931.

*Mr. Roy F. Ford,* with whom *Messrs. S. J. Montgomery, Theodore H. Haugh,* and *A. H. Meyer* were on the brief, for petitioner.

*Messrs. T. Austin Gavin* and *George F. Short,* with whom *Messrs. Horace H. Hagan, Ray S. Fellows, Thomas R. Freeman,* and *Joseph A. Gill, Jr.,* were on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Smith, a citizen and resident of Oklahoma, died as a result of injuries alleged to have been negligently inflicted by the respondents. His widow was appointed administratrix of his estate by an Oklahoma probate court, and, as such, instituted an action for damages in a district court of that state, against the respondents and certain individuals, under a statute [1] creating a cause of action for death by wrongful act. Such a proceeding is required to be brought by the administrator, if there be one. The amount recovered does not constitute assets of the estate, but is to be divided between the widow and children.

The cause was removed to the United States District Court. The administratrix filed a motion to remand, which was overruled. She then dismissed the action. Subsequently she brought a second suit as administratrix, against the respondents and certain of their employees, upon the same cause of action, in a district court of Oklahoma; and a little later brought a third against the same or some of the same defendants in another state district court. Both were removed into the appropriate United States District Courts. Motions to remand were

---

[1] §§ 822–825, Comp. Stat. Okla. 1921.

overruled, and both were thereupon dismissed by the plaintiff.

The widow resigned as administratrix and upon her request the probate court appointed petitioner as administrator. He was and is a resident and citizen of Louisiana, of which state the respondent Fitzsimmons Drilling Company is also a citizen. He filed the present action in a state court, and the respondents again removed to the United States District Court. The petitioner having moved to remand, the respondents answered charging fraud and collusion on the part of the widow, her attorney, and the petitioner, the alleged object of which was to prevent removal by having an administrator appointed whose citizenship was the same as that of one of the defendants. A hearing was had at which it was proved that the motive for the appointment was to obviate the diverse citizenship of the parties which had justified the removal of the earlier suits, and that petitioner had, as a favor to the widow and her attorney, agreed to act as administrator. The District Court refused to remand. To this refusal the petitioner saved proper exceptions.

It should perhaps be remarked that in this last suit there was included a second cause of action for pain and suffering caused the deceased between the date of his injury and that of his death; but no question here arises in respect of this cause of action, and for present purposes it may be disregarded.

At the trial on the merits a demurrer to petitioner's evidence was sustained, and judgment for respondents resulted. On appeal the Circuit Court of Appeals affirmed, holding that the cause was properly removed.[2] This Court granted certiorari.

---

[2] 47 F. (2d) 28.

It is settled that the federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship. *Childress* v. *Emory*, 8 Wheat. 642; *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Rice* v. *Houston*, 13 Wall. 66; *Amory* v. *Amory*, 95 U. S. 186; *Blake* v. *McKim*, 103 U. S. 336; *American Bible Society* v. *Price*, 110 U. S. 61; *Continental Insurance Co.* v. *Rhoads*, 119 U. S. 237. It was, however, held by the court below that this principle is inapplicable to a case, like the present, where the administrator sues not for the benefit of the estate, but of certain named beneficiaries amongst whom the amount recovered must be divided. That court likened such a case to one where suit by the beneficiary is required to be brought in the name of a state, county, or official body, although such nominal plaintiff has no interest in the result and is not permitted to control the litigation (*McNutt* v. *Bland*, 2 How. 9; *Maryland* v. *Baldwin*, 112 U. S. 490); or to actions instituted by a next friend, where it has been held that the infant is the real party in interest, whose citizenship determines the question of diversity. *Voss* v. *Neineber*, 68 Fed. 947; *Blumenthal* v. *Craig*, 81 Fed. 320.

The petitioner insists that where an administrator is required to bring the suit under a statute giving a right to recover for death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction. This we think is the correct view. The applicable statutes make the administrator the trustee of an

express trust and require the suit to be brought and controlled by him.[3]

Under these circumstances the rule laid down in *Mexican Central Ry. Co.* v. *Eckman,* 187 U. S. 429, is applicable. That was an action in a federal court in Texas by a guardian, a citizen of that state, against a Massachusetts corporation, to recover for an injury to a minor which occurred in Mexico. A plea in abatement averred that the ward and his parents were citizens of Illinois and that the court was therefore without jurisdiction. This Court examined the state law and ascertained that it authorized a guardian to bring suit in his own name. It was held that his citizenship, not that of his ward, determined the right to resort to the federal court. At page 434 it was said:

" If in the State of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian *ad litem* or next friend. He is liable for costs in the event of failure to recover and for attorneys' fees to those he employs to bring the suit, and in the event of success, the amount recovered must be held for disposal according to law, and if he does not pay the same over to the parties entitled, he would be liable therefor on his official bond."

See also *Detroit* v. *Blanchfield,* 13 F. (2d) 13.

It has been held that the same rule applies in the case of suits by administrators to recover for death by wrongful act, whether the statute provides that the amount recovered be for certain relatives of the decedent or be

---

[3] Ch. 3, Art. XXVII, §§ 824–825, Comp. Stat. Okla. 1921; *Sanders* v. *Chicago, R. I. & P. Ry. Co.,* 66 Okla. 313; 169 Pac. 891; *Aetna Casualty & Surety Co.* v. *Young,* 107 Okla. 151; 231 Pac. 261. Ch. 3, Art. V, § 211, Comp. Stat. Okla. 1921.

general assets of the estate. *Harper* v. *Norfolk & W. R. Co.*, 36 Fed. 102; *Popp* v. *Cincinnati H. & D. Ry. Co.*, 96 Fed. 465; *Cincinnati H. & D. R. Co.* v. *Thiebaud*, 114 Fed. 918; *Bishop* v. *Boston & M. R. Co.*, 117 Fed. 771; *Memphis St. Ry. Co.* v. *Bobo*, 232 Fed. 708.

The court below relied on *Stewart* v. *Baltimore & O. R. Co.*, 168 U. S. 445. That authority is not in point. It dealt with the question whether an administrator appointed in the District of Columbia could bring suit there for a death occurring in Maryland,—the latter's statute providing that such suit should be brought in the name of the state. It was held that the suit might be maintained, as the administrator would be required to make distribution of the amount recovered in accordance with the laws of Maryland. No question of a fraudulent attempt to avoid jurisdiction by reason of lack of diversity of citizenship arose or was considered in the case.

The respondents assert that the present case is taken out of the general rule by its peculiar facts, which it is alleged demonstrate that a fraud was perpetrated to avoid federal jurisdiction. They point out that, after the widow in her capacity as administratrix had repeatedly failed to prevent the removal of her successive actions, her attorney had her resign and nominate in her stead the petitioner, who did not know her, had not known the decedent, knew of no assets in Louisiana, and consented to be substituted for her as a favor to her attorney; that petitioner did not sign his own bond, did not come to the state of Oklahoma to be appointed, and upon his appointment at once named the widow as his state agent in Oklahoma. They concede, as they must, that as a nonresident he was qualified under the Oklahoma law, if appointed by the probate court, to act as administrator.[4]

---

[4] See the following sections of the Compiled Statutes Oklahoma 1921: 1141, 1153, 1159, 1188, 1189, Ch. 5, Art. III.

His appointment was regular and in accordance with the statutes; and the decree of the probate court may not be collaterally attacked in the present proceeding. See *McGehee* v. *McCarley,* 91 Fed. 462; *American Car & Foundry Co.* v. *Anderson,* 211 Fed. 301. It is nevertheless insisted that if the petitioner's appointment was accomplished for the purpose of avoiding diversity of citizenship and consequent removal into the United States court, the parties to that proceeding,—the petitioner, the widow, and her attorney,—were in a conspiracy to defeat federal jurisdiction.

But it is clear that the motive or purpose that actuated any or all of these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship. To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and motives of the parties before that court when, confessedly, they practiced no fraud upon it. The case falls clearly within the authorities announcing the principle that in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined. While those cases involve a somewhat different situation,—that where a plaintiff joins defendants in order to avoid federal jurisdiction,—they are in principle applicable to the present case, where it is claimed a plaintiff was procured for the same purpose. It has been uniformly held that where there is a *prima facie* joint liability, averment and proof that resident and nonresident tort feasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court. *Illinois Central R. Co.* v. *Sheegog,* 215 U. S. 308; *Chicago, B. & Q. R. Co.* v. *Willard,* 220 U. S. 413; *Chicago, R. I. & P.*

*Ry. Co.* v. *Schwyhart*, 227 U. S. 184. The facts disclosed in this record fall far short of proof of actual fraud such as was held sufficient to justify removal in *Morris* v. *Gilmer*, 129 U. S. 315; *Lehigh Mining & Mfg. Co.* v. *Kelly*, 160 U. S. 327; *Lake County Commissioners* v. *Dudley*, 173 U. S. 243; *Wecker* v. *National Enameling & Stamping Co.*, 204 U. S. 176; and *Wilson* v. *Republic Iron Co.*, 257 U. S. 92.

The case comes to no more than this: There being, under Oklahoma law, a right to have a nonresident appointed administrator, the parties in interest lawfully applied to an Oklahoma court, and petitioner was appointed administrator, with the result that the cause of action for the wrongful death of the decedent vested in him. His citizenship being the same as that of one of the defendants, there was no right of removal to the federal court; and it is immaterial that the motive for obtaining his appointment and qualification was that he might thus be clothed with a right to institute an action which could not be so removed on the ground of diversity of citizenship.

We are of opinion that the petitioner's motion to remand the cause to the state court should have been granted. The judgment must be reversed and the cause remanded to the United States District Court with directions to set aside the judgment and remand the case to the state court.

*Reversed.*