Arthur L. LANG, Administrator of the
Estate of Richard Klinkhammer,
Plaintiff-Appellee,

v.

The ELM CITY CONSTRUCTION COM-
PANY et al., Defendant-Appellant.

No. 111, Docket 28357.

United States Court of Appeals
Second Circuit.

Argued Oct. 29, 1963.

Decided Nov. 13, 1963.

John D. Fassett and Curtis H. Barnette, New Haven, Conn., for defendant-appellant. Wiggin & Dana, New Haven, Conn., on the brief.

Jacobs, Jacobs, Jacobs & Jacobs, New Haven, Conn., for plaintiff-appellee. Ira B. Grudberg, New Haven, Conn., of counsel.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal by The Elm City Construction Company from Judge Timbers' order granting plaintiff's motion for partial summary judgment and authorizing an immediate appeal pursuant to 28 U.S.C. § 1292(b). His opinion appears at 217 F.Supp. 873.

This is an action brought by the administrator of Klinkhammer's estate to recover damages for his injury and death under the Connecticut Wrongful Death statute. Section 52–555 Conn.Gen.Stats. (1958 Revision). The decedent was a resident of Connecticut and all persons interested as beneficiaries of his estate are citizens of Connecticut, as are also the defendants. Federal jurisdiction is based on diverse citizenship, the plaintiff administrator being a citizen of Pennsylvania.

The facts are undisputed. On January 6, 1961, the Probate Court of North Branford appointed the decedent's mother administrator of his estate. She resigned shortly thereafter and Lang was appointed her successor. This was for the purpose of creating diversity of citizenship so that suit could be brought in the federal court. The action was commenced November 1, 1961.

The appeal presents two questions: (1) Did 28 U.S.C. § 1359 require dismissal because Lang "has been improperly or collusively made or joined to invoke the jurisdiction" of the federal court? Relying upon Corabi v. Auto Racing, Inc., 3 Cir., 264 F.2d 784, 75 A.L.R.2d 711, which is precisely in point, Judge Timbers held it did not. We agree with his decision. (2) The second question concerns the interpretation of a Connecticut statute, § 52–21 Conn.Gen. Stats. Appellant contends this destroys diversity jurisdiction. Judge Timbers held it did not. Again we agree with him.

Both counsel have argued the appeal with great ability. It has been a pleasure to hear such able arguments. But we

see no necessity of adding to Judge Timbers' thorough and well-reasoned opinion which discussed the pertinent authorities. The order is affirmed on the opinion below.