**Joseph J. TIERNAN, Jr., in his capacity as Administrator of the Estate of James E. Tiernan, Plaintiff,**

**v.**

**WESTEXT TRANSPORT, INC., Supervised Investors Services, Inc., Raymond E. West and Patricia Dunn, Administratrix of the Estate of Richard J. Dunn, Defendants.**

United States District Court
S. D. New York.

June 29, 1965.

Margolies & Geldzahler, New York City, for plaintiff; Martin L. Fried, New York City, of counsel.

Allen M. Taylor, New York City, for defendant, Patricia Dunn, as Administratrix of Estate of Robert J. Dunn, and

defendant Supervised Investors Services, Inc.; John M. Percy, New York City, of counsel.

**FREDERICK van PELT BRYAN, District Judge:**

This is a diversity action arising out of an automobile accident in Massachusetts. Plaintiff Tiernan, a citizen and resident of Rhode Island, is the Rhode Island administrator of the Estate of James E. Tiernan, a deceased citizen and resident of Rhode Island. Defendant Westext Transport, Inc. (Westext) is a Texas corporation with its principal place of business outside Rhode Island. Defendant Supervised Investors Services, Inc. (Supervised) is a Delaware corporation with its principal place of business in Illinois. Defendant West is a citizen of Vermont. Defendant Dunn, the New York administratrix of the Estate of Richard J. Dunn, a deceased New York citizen and resident, is a citizen and resident of Massachusetts.

Defendant Dunn has moved to dismiss the complaint as to her for want of personal jurisdiction and improper venue. Defendant Supervised has moved to dismiss for improper venue and on the ground of forum non conveniens. Defendant Westext has appeared in the action but has taken no position on these motions. Defendant West has not appeared.

■ Defendant Dunn's objection to venue must be sustained, for the residence of an executor or administrator for venue purposes is his personal residence rather than the district in which he was appointed. Doyle v. Loring, 107 F. 2d 337 (6 Cir. 1939), cert. den., 309 U.S. 686, 60 S.Ct. 808, 84 L.Ed. 1029 (1940); Buchheit v. United Air Lines, Inc., 202 F.Supp. 811 (S.D.N.Y.1962); Kruskal v. United States, 178 F.2d 738, 739 (2 Cir. 1950) (alternative holding); 1 Barron & Holtzoff, Federal Practice and Procedure § 73 (Wright ed. Supp. 1964, at 173); cf. Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931) (diversity). But cf. 1 Moore, Federal Practice ¶ 0.142[5.–2], at 1487–1488 (2 ed. 1964) (official residence of public officials).

■■ That being so, since in the interest of justice this case ought to be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1406(a), it is unnecessary for me to pass on any of the other questions raised—including defendant Dunn's objection to this court's personal jurisdiction over her, Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). On the papers before me, that appears to be the only district in which this action could have been or can be brought against all four defendants. Jurisdiction could be obtained over all defendants there under the Massachusetts non-resident motorist statute, Mass.Gen.Laws Ann. ch. 90, §§ 3A–3F, or by personal service within the state. Venue over all defendants would be properly laid in Massachusetts under the new provision for automobile accident cases. 28 U.S.C. § 1391 (f).

Under § 1406(a) U.S.C., when venue is laid in the wrong district the court may dismiss, or, "if it be in the interest of justice, transfer such case to any district * * * in which it could have been brought." Here it is plain that the interest of justice requires that this case be transferred to the District of Massachusetts, the only district which appears able to deal with the case as a whole.

■ No authorities have been cited to me on the question of the court's power under § 1406(a) to transfer a case as to all the defendants when venue is improperly laid only as to some.[1] There are cases dealing with the power of the court to sever defendants against whom venue was improperly laid and transfer the case as to them. See United Nations Korean R. A. v. Glass Production Meth., 143 F.Supp. 248 (S.D.N.Y.1956), (venue improper as to some defendants in transferee district); cf. Du Roure v. Alvord,

1. I assume, without deciding, that venue is proper as to Supervised.

120 F.Supp. 166 (S.D.N.Y.1954) (venue improper as to all defendants in transferor district and as to some defendants in transferee district); 1 Moore, op. cit. supra ¶ 0.146[5], at 1909. But these cases do not hold that the court is required to do so. Nor does anything in them preclude transfer of the whole case under the circumstances here.

Section 1406(a) speaks of the transfer of "such case," indicating the whole case. Since the interest of justice so plainly requires complete transfer, and such transfer is a logical exercise of the powers of the court, transfer of the whole case to Massachusetts will be ordered.

The application of defendant Supervised to dismiss on the ground of forum non conveniens may be treated as an application for transfer under 28 U.S.C. § 1404(a). Savoia Film S. A. I. v. Vanguard Films, 10 F.R.D. 64 (S.D.N.Y. 1950). So treated, there appears to be sufficient here to justify transfer to Massachusetts under that section. Unless the complete action is transferred there, witnesses and parties will both be faced with multiple trials and multiple appearances. In Massachusetts all issues can be disposed of in a single trial; and this can scarcely fail to further the convenience of witnesses and of parties, including the plaintiff, as well as being in the interest of justice. However, it is unnecessary to pass on this question here, since I have directed transfer under § 1406(a).

Plainly, defendant Supervised has no objection to such transfer since this is entirely consistent with the relief which it asks. The third defendant who has appeared, Westext, accepted service of the motion papers of both defendant Dunn and defendant Supervised and has interposed no objection to the granting of the relief which they seek.

The motion of defendant Dunn to dismiss for want of venue is granted to the extent of directing that the entire action be transferred to the District of Massachusetts pursuant to § 1406(a).

Settle order on notice to all parties.