**Jerry RAIA, Plaintiff,**

v.

**COMPANIA MARITIME BELGE S.A.-Lloyd Royal S.A., Atlantic Overseas Corporation a/k/a Belgian Line Incorporated and Fruehauf Corporation, Defendants.**

**No. 69 Civ. 3395.**

United States District Court,
S. D. New York.

March 17, 1970.

Kenneth Heller, New York City, George T. Delaney, New York City, of counsel, for plaintiff.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendants Compania Maritime Belge S.A. and Belgian Line Incorporated; Robert S. Blanc, Jr., New York City, of counsel.

John E. Morris, New York City, for defendant Fruehauf Corporation; John J. Duffy, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

In this action by a longshoreman to recover for personal injuries plaintiff moves, pursuant to Title 28, U.S.C. § 1447(c), to remand the case to the state court.

The plaintiff was hired to discharge cargo from M.V. TENIERS, a vessel owned and operated by Compania Maritime Belge S.A., the vessel being docked at Pier 36, East River, New York, on the day in question. Plaintiff was discharging cargo from a cargo container when a crate fell on him, crushing the distal end of his left femur. His injuries are alleged to have been substantial.

Plaintiff sued the defendants listed in the caption, all of whom are without dispute nonresidents of the State of New York except the defendant described as "Atlantic Overseas Corporation a/k/a Belgian Line Incorporated." As to that defendant, confusion, perhaps inevitable, arose by virtue of the fact that two related corporations exist both of which have been at one time or another known by both the name Atlantic Overseas Corporation and the name Belgian Line Incorporated.[1]

The defendants construed the allegations of the complaint to apply to the Delaware corporation and, contending that all the defendants were of a different citizenship than the plaintiff, a New Yorker, removed the case to this court. On the present motion to remand, plaintiff alleges that the case was improperly removed, since he intended to and did sue and serve the New York corporation (now known as Dart Containerline Incorporated), and that there is no evidence of his intention to sue the Delaware corporation. To this argument defendants reply that if plaintiff indeed intended to sue the New York corporation, the case should nevertheless have been removed on the ground that no possible claim can lie by the plaintiff against the New York corporation and consequently its joinder was fraudulent and made solely for the purpose of avoiding diversity of citizenship, which would permit removal to this court.

The motion to remand should be granted. It is fundamental that a plaintiff

---

1. Letter from the Department of State, Division of Corporations and State Records, addressed to the attorney for the plaintiff, dated July 28, 1969, indicates an Atlantic Overseas Corporation, certificate of incorporation filed August 1, 1955, which changed its name to Belgian Line, Inc., a Delaware corporation, and received authority to do business in New York June 6, 1969, as well as an Atlantic Overseas Corporation, a New York corporation, certificate filed August 24, 1927, which changed its name to Belgian Line Incorporated on August 1, 1955, and from that to Dart Containerline Incorporated on June 6, 1969.

has the right to designate the defendants in a suit brought by him. Whether he may or may not prevail is what the lawsuit is always about, but it is clear that the plaintiff has the right to bring suit against any person, and there is no support in the papers which would refute the claim of the plaintiff in this case that he has sued and served the New York corporation. If service was improper, defendants can move for relief on that ground, but no such motion is before me.

On the question of fraudulent joinder, defendants' argument also falls short. The complaint before me (in particular, paragraphs Sixteenth through Twenty-fourth and paragraphs Thirty-fifth, Thirty-sixth and Thirty-seventh) spells out a cause of action against Belgian Line, Inc. Furthermore, while not specified in the papers, it was stated at argument on the motion that there was affixed to the container on which plaintiff was working at the time of his injury the name plate of Belgian Line Incorporated, and that plaintiff claimed he was employed by "the Belgian Line." These statements were not refuted by defense counsel. If such are indeed the facts, they fortify the plaintiff's contention that the case is brought in good faith against the Belgian Line.

That Belgian Line Incorporated is not the lessee of Pier 36, but merely the agent of Compania Maritime Belge (Lloyd Royal) S.A. as lessee, does not eliminate it as a defendant against whom a claim may be made in good faith. To the contrary, there is nothing in the record which casts light on the scope or limitation of the Belgian Line's agency, but, even assuming that its agency was restricted to execution of the lease on behalf of the lessee, plaintiff may nevertheless assert a claim against Belgian Line Incorporated for any tort committed by it against him.

In any event, as Judge Weinfeld observed in Quinn v. Post, 262 F.Supp. 598, 604 (S.D.N.Y.1967):

"The denials of recreant conduct by the resident defendants or of any knowledge of wrongful acts by the other defendants go to the merits of the action as an entirety. But whether the action is ill-founded or not, we are here concerned only with a jurisdictional issue and matters of defense furnish no ground of removal * * *

"* * * Where a complaint gives rise to joint or joint and several liability, the plaintiff has an absolute right to elect, and his motive or purpose in joining or suing separately the claimed tortfeasors is immaterial and, without more, does not establish fraudulent joinder. As stated by the Supreme Court: 'It has been uniformly held that where there is a *prima facie* joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court.'"

In the Supreme Court case referred to in Judge Weinfeld's opinion, Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931), the Supreme Court held that, even where it had been established that the motive for the appointment of an administrator was to defeat diversity of citizenship, this showing nevertheless was insufficient to prove such actual fraud as is required to justify removal.

For the reasons stated above the motion to remand is granted.

Settle order on notice.