434 F.2d 1096
 Maria Pilar WHITE et al., Plaintiffs-Appellants,
v.
LEE MARINE CORPORATION et al., Defendants-Appellees.
 No. 29709 Summary Calendar.*
*(1) Rule 18, 5th Cir., See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 1, 1970.
 Ward Stephenson, Orange, Tex., for appellants.
 Tanner Hunt, Beaumont, Tex., W. Garney Griggs, James E. Ross, Houston, Tex., George E. Duncan, Beaumont, Tex., for appellees.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 GEWIN, Circuit Judge:
 
 
 1
 In this diversity case, we are called upon to determine whether the appointment of a Louisiana representative to sue on behalf of Texas residents to set aside a consent judgment in a wrongful death action is 'improper or collusive' within the meaning of 28 U.S.C. 1359.[1] We believe that it is and therefore affirm the district court's dismissal of appellant's suit for want of jurisdiction.
 
 
 2
 Plaintiff-appellant, Mrs. Maria White resides in Orange County, Texas with her six children. She originally brought this suit on January 24, 1967 in her own name as guardian of her children and administratrix of her husband's estate. She sought to set aside as fraudulent a friendly settlement and consent judgment in the Texas courts arising from the death of her husband. In January of 1968, Mrs. White's complaint was amended to substitute a Louisiana attorney, Mr. William B. Baggett, as guardian and administrator, allegedly because her attorney had come to realize that as a Mexican national who could not read or write English, she was not qualified under the Texas Probate Code to serve in a representative capacity.[2] The district court subsequently dismissed appellant's suit for lack of diversity after overruling appellees' motion for summary judgment and then conducting two evidentiary hearings on the matter.
 
 
 3
 This circuit, in Bass v. Texas Power and Light Co.,[3] has recently adopted the rule, first laid down by the Third Circuit in McSparran v. Weist,[4] that 'the appointment (of an out of state guardian or administrator) for the purposes of creating apparent diversity of citizenship (is) an improper manufacture of jurisdiction within the meaning of 1359.'[5] Significantly, the McSparran court placed heavy emphasis on its finding that the guardian there was only a straw party with no stake in the outcome of the litigation and no fiduciary relationship to the parties represented. This requirement of substantive as well as formal validity of the representative's appointment has been recognized often in subsequent decisions.[6]
 
 
 4
 In most of the cited cases it was unnecessary to determine the factual question of manufactured diversity vel non because it was admitted that the appointments were for the purpose of creating diversity. Nonetheless, it is well established that:
 
 
 5
 The question of whether a device is so lacking in substance as to be improper and collusive under Section 1359 is a question of fact. McSparran v. Weist, 402 F.2d at 876.[7]
 
 
 6
 In the case at hand we must therefore consider the facts surrounding Mr. Baggett's appointment to determine (1) whether there was an intent to manufacture diversity, and (2) whether there is sufficient substance to the appointment to allow it to be recognized in a diversity suit. The Third Circuit has articulated some of the factual considerations relevant to this determination:
 
 
 7
 In determining whether or not diversity has been artificially created, the district court may consider, inter alia, such factors as the identity of the representative and his relationship to the party represented; the scope of the representative's powers and duties; any special capacity or experience which the representative may possess with respect to the purpose of his appointment; whether there exists a non-diverse party, such as a parent in a suit for injuries to a child, who might more normally be expected to represent the interests involved; whether those seeking the appointment of the representative express any particular reasons for selecting an out-of-state person; and whether, apart from the appointment of an out-of-state representative, the suit is one wholly local in nature. 421 F.2d 589.[8]
 
 
 8
 Appellants contend that the facts adduced in the district court are sufficient to support diversity jurisdiction in this case. In short, it is their position that there was no person other than Mr. Baggett who could have been appointed to represent Mrs. White and her children. They attempt to show that there was no one who would normally be expected to serve because of Mrs. White's limited contacts with the community in which she lived, her alienation from the family of her deceased husband, and the unavailability or disqualification of her own relatives. Mr. Baggett was appointed, they say, because he had frequently worked closely with Mrs. White's attorney in the past and was the only qualified person known to that attorney who would agree to represent the dwindling estate without charge. In addition, they point to Mr. Baggett's excellent qualifications and the services which he performs in his representative capacity.[9]
 
 
 9
 On the other hand, it is apparent from the record that Mrs. White had no connection with Mr. Baggett prior to his appointment; that there are no assets or beneficiaries of the estate located outside of Texas; and that Mr. Baggett acts only on the advice and consent of Mrs. White's attorney. As to the contention that Baggett was the only person thought to be qualified to serve, it is significant that appellants' attorney resides in Orange, Texas, where Mrs. White and her children also reside. He is an active practitioner there and has in his employ a secretary who has served him for 19 years and who is familiar with 'matters concerning litigation' and has some knowledge of accounting. It is fair to say that the record clearly supports the reasonable inference that Mr. Baggett was selected by the appellants' attorney for his convenience and not at the request of Mrs. White.
 
 
 10
 On these facts, the district court dismissed appellants' suit upon a finding that:
 
 
 11
 the appointment of William B. Baggett, a resident of Louisiana, as administrator to represent the estate of a deceased Texas resident and as guardian of the minor children of said decedent, was a colorable attempt to confer jurisdiction upon this Court pursuant to 28 U.S.C. sec. 1332; that the said William B. Baggett has no real or substantial interest in this litigation; and that said appointment was improperly or collusively made to invoke the jurisdiction of this Court within the meaning of 28 U.S.C. sec. 1359, which section precludes this Court's jurisdiction under such circumstances;
 
 
 12
 We cannot say that there is clear error in the court's finding. Despite appellants' insistence that there were legitimate reasons for appointing Mr. Baggett, Mrs. White and her family do not have sufficient substantive ties to Mr. Baggett or the state of Louisiana to support federal diversity jurisdiction. Allowing this suit to be brought in federal court would not advance any of the functions diversity jurisdiction was designed to serve.[10]
 
 
 13
 Appellants also argue that the rule of McSparran and Bass cannot fairly be applied to them because Mr. Baggett entered the suit before either of these decisions was rendered. It is true that Bass is not to be applied retroactively unless (1) there is ample opportunity to bring an action in state court and (2) dismissal would not impose an unreasonable burden on either party.[11] However, in this case appellants have timely filed a petition for Bill of Review which is now pending in the Texas courts. Thus, they will not be prejudiced in the prosecution of their remedies in state court.
 
 
 14
 In reaching this conclusion we have given careful consideration to the record and the briefs of the parties. The record and briefs clearly reflect that appellants will be afforded state court remedies without the imposition of an 'unreasonable burden.' In overruling the appellees' motion for summary judgment, the district judge took note of the Bill of Review proceeding in the Texas courts 'which I (the district judge) understand is pending in the State Court to set aside the original judgment on the basis of fraud.' Moreover the appellees make three unqualified assertions that the appellants have filed and pursued a state court action seeking to set aside the judgment.[12] In these circumstances it appears to be quite clear that the appellees would be estopped to plead the statute of limitations or to assert any claim that the state court does not have complete jurisdiction of the controversy presented.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 [1]
 That section provides:
 1359. Parties collusively joined or made
 A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.
 
 
 [2]
 Cf. Vernon's Ann.Tex.Stat. Probate Code 110
 
 
 [3]
 432 F.2d 763 (5th Cir. 1970) rehearing denied and opinion amended September 30, 1970. Accord: Green v. Hale, 433 F.2d 324 (5th Cir. 1970)
 
 
 [4]
 402 F.2d 867 (3d Cir. 1968), cert. denied sub nom Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), noted in 47 Texas L.Rev. 1233 (1969)
 
 
 [5]
 Bass v. Texas Power & Light Co., 432 F.2d at page 766; Lester v. McFaddon, 415 F.2d 1101, 1104 (4th Cir. 1969). Accord: O'Brien v. AVCO Corp., 425 F.2d 1030 (2d Cir. 1969); Gilchrist v. Strong, 299 F.Supp. 804 (D.C.W.D.Okl.1969); Dougherty v. Oberg, 297 F.Supp. 635 (D.Minn.1969). See also Caribbean Mills, Inc. v. Kramer, 392 F.2d 387 (5th Cir. 1968), aff'd 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969)
 Appellants argue that we are precluded from following McSparran by dictum in Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233. In that case the Supreme Court allowed the appointment of an administrator to defeat diversity jurisdiction, holding that the citizenship of the administrator, as the real party in interest under state law, was controlling for diversity purposes. However, in Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), the court held that an assignment to create diversity violated 1359 and expressly left open the question presented in McSparran, noting several possible distinctions. The Second and Fourth Circuits have subsequently treated Kramer as eliminating the dictum of Mecom and have rejected the distinctions as immaterial. O'Brien v. AVCO Corp., 425 F.2d 1030 (2d Cir. 1969); Lester v. McFaddon, 415 F.2d 1101 (4th Cir. 1969). We adhere to the reasoning of those decisions.
 
 
 [6]
 Bass v. Texas Power & Light Co., 432 F.2d 763 (5th Cir. 1970); O'Brien v. AVCO Corp., 425 F.2d 1030 (2d Cir. 1969); Lester v. McFaddon, 415 F.2d 1101 (4th Cir. 1969); Gilchrist v. Strong, 299 F.Supp. 804 (D.C.W.D.Okl.1969); Dougherty v. Oberg, 297 F.Supp. 635 (D.Minn.1969); Duffy v. Currier, 291 F.Supp. 810 (D.Minn.1968)
 
 
 [7]
 Bass v. Texas Power & Light Co., 432 F.2d at page 766. Accord: cases cited note 6 supra
 
 
 [8]
 Groh v. Brooks, 421 F.2d 589, 595 (3d Cir. 1970). Accord: Green v. Hale, 433 F.2d 324 (5th Cir. 1970). It is recognized that the McSparran test requires difficult and perhaps needless litigation of disputed facts and might well encourage perjury or manipulation of factual evidence as a means of satisfying the subjective criteria. See Esposito v. Emery, 402 F.2d 878 (3d Cir. 1968) (Biggs, J., dissenting opinion in the companion case to McSparran). The ALI has proposed a simple rule which would eliminate this difficulty by using the citizenship of the decedent or the beneficiary to determine whether diversity exists. ALI, Study of the Division of Jurisdiction Between State and Federal Courts, Part I, Proposed 1301(b)(4) (1968). However convenient this rule might seem, we agree with the Second, Third and Fourth Circuits that it can only be adopted by legislative action
 
 
 [9]
 He approves and signs applications for the withdrawal of funds, monthly checks, annual accountings, etc
 
 
 [10]
 See O'Brien v. AVCO Corp., 425 F.2d 1030, 1033 (2d Cir. 1969); ALI, supra note 8; C. Wright, Federal Courts 23 (2d Ed.1970); Note, 47 Texas L.Rev. 1233 (1969)
 
 
 [11]
 Bass v. Texas Power & Light Co., 432 F.2d at 767 (5th Cir., September 30, 1970)
 
 
 [12]
 We quote from the joint brief of appellees:
 Plaintiff has, in fact, brought a Bill of Review in the same court that rendered the July 11, 1966, judgment. (Appellees' Exhibit A, B & C, pp. 17-29). This Bill of Review has been heard and is now under advisement. All of the parties are before the Court and the determination of fraud in the judgment must be reached. The State Court has all the powers necessary to set aside any Judgment procured through fraud or illegality and can effectively decide this Plaintiff's Complaint based on the same grounds as presented in this Federal action.
 Appellees' Brief p. 12.
 Plaintiff in this case is and has been assured of a full State Court remedy and this obviates the need for further discussion of prospectivity.
 Appellees' Brief p. 15.
 Attached to the appellees' brief are exhibits which purport to be copies of complaints filed in the 128th Judicial District Court of Orange County, Texas seeking a review of the alleged fraudulent judgment.