Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.

**Grady Ray HADLEY and Hal Gerber, Co-administrators of the Estate of Lola Faye Hadley, Plaintiffs,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, et al., Defendants.**

**Civ. No. 73-43.**

United States District Court,
E. D. Oklahoma,
Civil Division.

June 4, 1973.

Richard L. Gossett, McAlester, Okl., J. L. Hayes, Checotah, Okl., for plaintiffs.

Joe H. Kennedy, Muskogee, Okl., for defendants.

## ORDER REMANDING CASE

DAUGHERTY, District Judge.

Plaintiffs, Grady Ray Hadley, a citizen of Oklahoma, and Hal Gerber, a citizen of Tennessee, Co-administrators of the Estate of Lola Faye Hadley, sued Defendants, Carolina Casualty Insurance Company, incorporated in Florida and with its principal place of business in the same state, Parker Truck Company, incorporated in Mississippi and with its principal place of business in the same state, and Joe I. McKinney, a citizen of Tennessee, for the wrongful death of Lola Faye Hadley. On February 22, 1973 the Defendants removed the action to this Court claiming that the appointment of Hal Gerber as Co-administrator was never legally consummated and was solely done to avoid and deny the

privilege of Federal jurisdiction to the Defendants. However, Defendants have abandoned the latter claim, *supra*, on the basis of Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). Plaintiffs move for an order remanding the case to the State Court alleging therein that there is lack of complete diversity of citizenship between all Plaintiffs and Defendants.

The issues before the Court are (1) whether Hal Gerber was legally appointed and qualified as Co-administrator of the Estate of Lola Faye Hadley, deceased, at the time of removal herein and (2) if not, whether such a defect is pertinent to a consideration of Plaintiffs' Motion to Remand.

The Petition for Letters of Administration was signed by Conny W. Hadley, husband of the decedent, Lola Faye Hadley. It was alleged that the decedent was a resident of McIntosh County, State of Oklahoma, at the time of her death; that she left no will; that an asset of the estate was an action for the wrongful death of decedent and that decedent's husband, Conny W. Hadley, who was entitled to instanter appointment as administrator, requested appointment of Grady Ray Hadley and Hal Gerber as Co-administrators of the Estate of Lola Faye Hadley, deceased. Thereafter, the State Court entered its Order Appointing Ray Hadley and Hal Gerber as Co-administrators, which Order shows the appearance of the Co-administrators before the court and fixes bond. The bond was then filed and Letters of Administration were issued to said Co-administrators by the Associate District Judge of McIntosh County, Oklahoma, on January 23, 1973. This case was then filed in State Court. Removal was effected on February 22, 1973. On April 4, 1973, the Co-administrator Hal Gerber, filed his Appointment of Agent for Service of Legal Process.

■ In the case of Merrell v. United States, 140 F.2d 602 (10th Cir. 1944), the Court teaches that a county court's adjudication appointing administrators for the estate of a decedent, which was not void on its face, was not subject to collateral attack in a federal court exercising concurrent jurisdiction. In the case before this Court the Order of the District Court for McIntosh County appointing the Co-administrators is valid on its face and, therefore, is not subject to collateral attack.

In the case of Atchison, Topeka and Santa Fe Railway Co. v. Preston, 257 F.2d 933 (10th Cir. 1958), the Court held that the right of an administratrix to maintain an action was not open to challenge on the collateral ground that she had failed to take and subscribe to the oath as administratrix, or that taking the oath was attended with irregularities.

■ The Supreme Court of Oklahoma in In Re Shailer's Estate, 266 P.2d 613 (Okl.1954) held that the failure of an executrix, a nonresident, to appoint a local agent for service of process did not deprive the county court of jurisdiction and the court erred in refusing to hear and approve a final accounting and to order distribution of the estate under the will.

The failure of Hal Gerber to appoint a local agent for service of process until after removal would be no different in effect than the failure to appoint one. Therefore, the District Court of McIntosh County was not deprived of jurisdiction by the failure of Hal Gerber to timely appoint a local agent for service of process and its Order appointing Hal Gerber as Co-administrator was not subject to collateral attack. Hal Gerber was legally appointed and qualified as Co-administrator of the estate of Lola Faye Hadley at the time of removal.

Plaintiffs' Motion to Remand is granted and this case is remanded to the District Court of Pittsburg County, Oklahoma from which it was improperly removed. The Clerk of the Court is directed to effectuate the remand of this case.